if council would begin by stating your appearance for the record good morning your honor uh... my name's paul turner federal public defender office for the district of atta i'm here this morning represent him michael anderson morning i'd like to thank you i'd like to reserve a couple of minutes for a bottle if i might please there are a couple of uncertified issues in this case they haven't been briefed by uh... the state and i assume the court does not want to address in this morning if if that's not correct i'd be happy to do so but otherwise all just go right to the certified issue this court since nineteen ninety eight in the calderon taylor has consistently when you've been faced with a mixed petition in a twenty two fifty four post-conviction case the district court must emphasize must at least consider and i think that's the word the court consistently uses consider the stay a stay option uh... for the case that is providing some sort of protection uh... at least possible protection for the litigant so that if they go back to state court and allow a dismissal without prejudice of their petition that they won't be uh... faced with a automatic in some cases uh... untimeliness when they return to federal court uh... as i say this this commenced at least as early as the taylor case in nineteen ninety eight uh... certainly was recognized in uh... kelly v small and as recently as september twenty third of this year in the jackson v roe case uh... kelly was acknowledged again as the law of the circuit uh... in this case mister anderson was not given let me let me retract that and say the court did not consider anything to do with the stay in mister anderson's case there's nothing in the record to indicate the court even considered it the order of the court gave mister anderson were you a counsel in the district court i was not your honor we weren't appointed until we got to this court you don't know whether whether some kind of stay was requested or not your honor based on what i've looked at i don't believe it was requested uh... again as you point out not being counseled there it's always you're always unsure about that if you weren't there but as far as i can tell a stay wasn't requested well it appears he made a choice and he dismissed them but assuming that kelly talks about a stay we still have the rinds case that uh... you can abuse that as well so i think it would it would be appropriate for you to address the merits of the unexhausted claims because if they're if they're utterly without merit then it would be an abuse to grant the stay as i read rinds correct your honor maybe if i could clarify just one thing our request this morning is simply to remand the case back to the district court for the district court to make the uh... the rinds ruling now i understand this court can make its own rinds ruling and that would be fine with me obviously if that's the pleasure of the court but our basic request is to send it back to the district court there are merits to the unexhausted claims uh... one of the unexhausted claims which was uh... claim ten in the original federal petition uh... deals with a uh... self-defense jury instruction which suggests in its language that there's a duty to retreat in nevada that's not the case there is no duty to retreat in nevada and self-defense was the really the sole defense of of mister anderson as i'm sure your honors are well aware that this is one of these unfortunate bar rooms situations mister anderson was the bartender at one point during the evening and regrettably this matter uh... went outside so to speak and ended up in the death of somebody mister anderson's position all along has been that he was provoked that he was attacked that he was hit that he was pushed that he was shoved and that he was justified in in shooting the gentleman obviously the jury did not agree with that but the jury instruction had some language in it which suggested a duty to retreat that's a critical instruction in this case and that would be one of the issues that we would very much like to see mister anderson have a chance to take back to state court another couple of issues that were brought up in the context of prosecutorial misconduct deal with proximate cause of death we have a direct claim which is one of our uncertified issues well i think it might be worthwhile to because obviously if they're you know we can deal with if we expand the record and we find that there's no merit to it we can deal with it on the other hand uh... I'm my understanding is that the alleged victim was shot and then died eight days later and uh... that you're claiming that that he could have died of that the attorney was deficient in his investigation and not examining that he could have died of any something other than the gunshot to the chest and it was a what a twenty two twenty three-year-old guy yes i'm having a hard time seeing that the merit to that what we're playing on that on that point honors that uh... under nevada law this gentleman live for eight days he had life support he was still alive uh... decision was made by his family to to eliminate that unfortunately they didn't follow nevada law in doing that there are two ways to eliminate life support in nevada one is to have equivalent of a living will a declaration that that you want it done if the other one is to have a written request to your doctor by certain family members that there's no written request here and there's no declaration that this this well i'm having a hard time seeing how he would have a defense that the reason i guess what you're saying is this defense then would be that the family unplugged him and that's how he died not by the gunshot wound to the chest that was a superseding cause of death uh... in this case we we fully realize that negligence wouldn't be a superseding cause of the hospital is negligent uh... unfortunately from our side at least that would not be a superseding cause we we argue that an intentional act violation of nevada law by eliminating the life support did supersede and that there was a legitimate legal issue there that should have been raised in our judgment and never was never was addressed the medical records were never brought forward the prosecutor never presented the medical records we would argue that that there's a Brady underlying Brady issue even here related to that because those medical records uh... there are a number of issues in that area that were just ignored totally and i don't think they should have been we don't think they should have been that issue is i think very important the instruction is critically important in the self-defense case you may want to tell us what you rely upon to say that a court on this record should sui spartic have granted a stay your honor i think i think it should have considered a stay i think that's the law of the circuit going back to the taylor case i know your honor was on that panel i believe that's been the law of of the circuit since then and and if there's no indication of the court ever even considered a stay in fact as an indication of a reason why it didn't in the body of that order mistakenly tells mister anderson that if he um... that if you went back to uh... state court that his time in federal court would be would be told that's that there's a sentence in there which very much indicates that that was uh... hope people on my side of the ledger were certainly hoping that was the law regrettably it turned out from our point of view not to be the law the judge in my judgment misstated that maybe that's the reason he didn't mention a stay i think he genuinely believed that all the time mister anderson was in federal court he would have been safe that just wasn't true now mister anderson elected to go the other way he abandoned based on what he was being presented and he went that way uh... if he had gone back of course he would have been he would have been eliminated immediately as we know uh... or within a few days i don't think the judge i don't think the judge's thinking then was on a stay i think he was thinking that this man would be okay that his federal habeas would toll a lot of folks thought that we were all wrong and uh... regrettably mister anderson is on the short end of this one in our judgment he deserves another chance if you want to reserve the balance of your time thank you again this point is that he should have considered and didn't what do you have to say to that may it please the court i'm deputy attorney general john warwick uh... represent the uh... respondents in this matter appealees uh... in regards to what mister anderson should have been told i think it's important to realize that uh... judge reed uh... the u.s. district court judge in this matter his order regarding uh... the motion to dismiss was issued in nineteen ninety nine at the time that order was issued uh... you're working in the environment of rose v lundy and our position is that judge reed was entirely correct in presenting the two options and those options being one he could even so even if we assume that of course we have to apply the law it exists right now that's correct your honor i think judge harris' question really relates to under the current state of the law and the current state of the law would be uh... the landscape we operate under the direction we get from ryan's and the steps that are outlined in regards to ryan's it seems to indicate that at least at this level this court uh... and this court did certify the issue as to whether or not the three-step procedure in ryan's when you've got uh... you need to examine good cause to see whether it's a plainly meritless issue or to see if the uh... petitioner's been dilatory that was not certified what we're looking at is under the the c o a is the kelly v small issue and how that would interact with ryan's so uh... i i think at this level and i know that the panel's mentioned uh... possibly expanding the record uh... we don't think uh... at that point or at this point that that would be uh... probably the most judicially uh... efficient way to go about handling the case at this time what's the reason well i i i think we're looking at once again looking at the timing and then combining that along with and if this court were to start looking at uh... the three factors good cause uh... the merits of the issue or dilatory tactics that uh... from judge reed's subsequent order dismissing the petition based upon the surviving grounds and he denied it on the merits if you were to look at that order i think you could honestly argue that there is no grounds the grounds could possibly come back from the u s district court there's is no merit to those in terms of uh... causation as uh... mister turner discussed uh... well if we're going to stay as an appropriate don't we have to find the claims meritless that would be one way of handling the matter your honor yes that's correct right well what's the other way of handling it uh... once again because the timing arrives and when these matters were briefed uh... i think the courts identify the two options that are available i'm seeing one what's the other uh... well you could remand back to district court or this court as you said earlier could expand the record and then uh... examine uh... the the underlying merits of those claims that might come back but uh... our preference or at least our position is that the order as originally written uh... and the election that mister anderson made his decision to make that that should not be disturbed well when he made his decision to make that he wasn't given the option of the stay was he he was only given two options that's correct your honor he was not provided the option of the stay well it seems that kelly introduces a new rule and that it's procedural and so then it would be retroactive so i don't know how you know i i guess in terms of how i'm analyzing it i think i either we have to remand it for the court to look and see if a stay would be appropriate or we have to expand the record and say that the claims are meritless and that a stay would be an abuse and go along those lines well kelly came out in two thousand but you're saying that there's another that you just want us to look at it and say well he made a choice and that's what the law was then so we don't need to consider whether about the stay and in looking at the chronology kelly v small came out i believe in two thousand three and mister anderson did not file a motion for reconsideration based upon kelly v small at that time at least i believe he did not so um that is the state's position based upon the way the law was when the original order came down from judge reid back in nineteen ninety nine your honor well that doesn't seem to me to be a very good position so go to your next best position uh... and give me some help on that as a pragmatic matter and uh... acknowledging jackson v roe the that's uh... my circumcision came out september this year what we would uh... it could be easily anticipated but this is a case that is going to be remanded back to district court and to be the district court that would be able to look at those three factors under ryan's again regarding good cause uh... regarding whether or not uh... there's any merit to these issues and also regarding deletory tactics so if you don't get your first choice is your second choice that don't expand the record and send it back for the district court to make a determination of whether it stays appropriate under ryan's that would be consistent with uh... the night search decision that jackson v roe did your honor anything else no your honor thank you john i don't think i've got a whole lot to add at this point i think uh... i don't want to be he didn't argue but you have a hard time finding merit in any of the reasons you think this case should have been should have been uh... this case should have been granted don't you think you can merit in the underlying coins on this record i really uh... i don't i really don't your honor in all candor you don't have to argue no i'm not arguing with you you don't have to because he didn't he didn't he didn't argue i assume that's what he was going to do when i asked him the question i thought he was going to tear right into you because you're talking well i'm not the district judge if i was i'd say you're talking a lot of nonsense i think uh... i do want to be to be sure that i'm certainly not remotely disappointed if the court would decide to go further in this case and look at the ron's issues i think that's the prerogative of the court i know this court has done that recently in other cases on unreported cases uh... that's up to the court that's not of course my my decision uh... but i think the the the more i don't want to use the word routine but what i think we're seeing more of these days is what mr ward was referring to namely a remand for a review by the district court i would say that uh... the kelly case is obviously still good law and uh... and i'd like i said before this all goes back to ninety eight at least it isn't new this is not a new idea and uh... i respectfully would simply request that the case either be remanded or that the court look at it uh... itself and i believe if you look at it i don't think you can find those grounds are plainly meritless the test is plainly meritless and i would submit that uh... a self-defense instruction is a critical factor in defending a uh... murder case like this that we were entitled to that instruction thank you very much thank you counsel for your arguments this matter will now stand submitted
judges: Farris, Tashima, Callahan